**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ELIZABETH JENKINS,**

       **Petitioner,**

  **v.**                                      **CIVIL ACTION NO. 5:09cv62**
                                                     **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On July 22, 2008, the Court received a letter from Elizabeth L. Jenkins, ("petitioner"), in which she requests that her sentence calculation be corrected and that she be granted home confinement or halfway house placement. The letter was construed as a Motion for Corrected Time and Home Confinement, and by Order entered June 3, 2009, the Clerk was directed to open a § 2241 action on the petitioner's behalf, using her letter of July 14, 2008, as the petition.[1] On June 4, 2009, the Clerk opened the instant case on the petitioner's behalf, and on that same date, a Notice of Deficient Pleading was sent to the petitioner by certified mail, return receipt requested. On June 15, 2009, the Notice of Deficient Pleading was returned as undeliverable, with a notation that the petitioner was no longer at SFF Hazelton.

### II. FACTS

On May 20, 1999, the petitioner was committed to the custody of the Bureau of Prisons ("BOP") for a term of 63 months to run concurrent with the remaining portion of her State of West Virginia sentence, with credit for time served, and with three years supervised release following her release on the State sentence. The petitioner completed her federal sentence on or about May 31, 2000. She remained in State custody for some amount of time, however.

On October 4, 2006, a Petition for Warrant or Summons for Offender Under Supervision was filed

---

[1] 1:95cr2 (Dckt. 222).

in her criminal case, alleging that the petitioner had not, upon her release from State custody, reported to United States Probation to begin her Federal Supervised Release. The probation officer recommended that petitioner's conditions of supervision should be modified as follows: "The three year term of supervised release shall begin when the [petitioner] is located and otherwise brought into compliance." After a preliminary hearing, which petitioner waived, she was released on Conditions of release pending full hearing before Chief United States District Judge Irene M. Keeley. Only five days later, and before the full hearing could be held, another Petition was filed, this time alleging that the petitioner had absconded and her whereabouts were again unknown. The petitioner was arrested by United States Marshals on December 23, 2006, at which time a metal pipe used for smoking crack cocaine was discovered on her person. The petitioner admitted to the Deputy Marshals that she had smoked crack the night before and had taken a Klonopin.

On January 31, 2007, Chief District Judge Irene M. Keeley revoked the petitioner's supervised release and sentenced her to 6 months incarceration with credit for time served. The petitioner completed her sentence and was released pursuant to an Order Setting Conditions of Probation and Supervised Release on April 17, 2007.

Another Petition for Warrant or Summons for Offender Under Supervision was filed on May 3, 2007, alleging that the petitioner had tested positive for cocaine only two days after her release. A Preliminary Hearing, scheduled by the United States Magistrate Judge for May 18, 2007, was continued until June 18, 2007, at the request of the Probation Office, in order that the petitioner might have the opportunity to continue with her drug treatment plan and recently-obtained employment. The June 18, 2007, date was also continued for the same reasons.

A Petition was again filed on July 31, 2007, alleging that the respondent moved from her last known address on or about July 18, 2007, and had not returned. The petitioner left a message for her Probation Officer on or about July 20, 2007, confirming that she had left the Northern District of West Virginia. The Petition therefore alleged two violations of the respondent's supervised release: Violation of the Standard

2

Condition that the petitioner notify her Probation Officer at least ten days before any change in residence and Violation of the Special Condition that she be drug tested once a month or more frequently if deemed necessary by the Probation Officer. The petitioner was thereafter bound over for a full hearing before the Honorable Irene M. Keeley.

Following numerous motions, the petitioner admitted guilt to violation of Standard Condition Number Six and Special Condition Number Two of the terms of her supervised release. Accordingly, on April 24, 2008, the petitioner was committed to the custody of the BOP to be imprisoned for a total term of 18 months with credit for time served from October 4, 2007.

### III. CLAIMS OF THE PETITION

The petitioner asserts that the BOP has failed to appropriately credit her federal sentence for time served. Therefore, she requests that her sentence be corrected and she be considered for home confinement or halfway house placement.

### III. ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

As previously noted, the petitioner alleges that the BOP has failed to appropriately credit her federal sentence with time served and requests that her sentence be corrected and she be considered for home confinement or halfway house placement. Because the Notice of Deficient Pleading was returned as undeliverable, the undersigned has consulted the Bureau of Prisons inmate locator and has discovered that the petitioner was released from the custody of the Bureau of Prisons on January 23, 2009.[2] Inasmuch as the petitioner's request for relief was correction of her sentence and placement in a halfway house or home

---

[2]See www.bop.gov

confinement, and the petitioner is no longer even in the custody of the BOP, this case is now moot.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DISMISSED AS MOOT**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: June 16, 2009

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE