```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

ELIZABETH JENKINS,

        Petitioner,

v.                                  Civil Action No. 5:09CV62
                                                    (STAMP)
UNITED STATES OF AMERICA,

        Respondent.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] petitioner, Elizabeth Jenkins, filed a letter with this Court requesting that her sentence calculation be corrected and that she be granted home confinement or halfway house placement for the remainder of her sentence. This letter was construed as a motion for corrected time and home confinement, and the Clerk was directed to open a 28 U.S.C. § 2241 action on the petitioner's behalf, using the letter motion as the petition.

This matter was referred to United States Magistrate Judge James E. Seibert for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. In his report setting forth his recommended disposition, the magistrate judge recommended that the petitioner's § 2241 motion be dismissed as moot. The magistrate judge advised the parties that, pursuant to 28 U.S.C.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

§ 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Neither the petitioner nor the respondent filed objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the petitioner has not filed objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. When a case ceases to present a viable legal issue requiring resolution, the case becomes moot. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which renders it moot, the case must be dismissed. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, the petitioner is asking that her sentence calculation be corrected and that she be granted home confinement or halfway house placement. Although the petitioner has not notified this Court of a change of address, the Bureau of Prisons inmate locator website establishes that the petitioner was released from custody on January 23, 2009. Because the petitioner has been released from the custody of the BOP, the petitioner's legal challenges no longer require resolution. Accordingly, this case is now moot, and this Court lacks jurisdiction to consider the issues raised therein.

IV. Conclusion

For the reasons set forth above, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's § 2241 petition is DISMISSED AS MOOT.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil

3

Procedure 58, the Clerk is directed to enter judgment on this matter.

    DATED:    July 21, 2009

                                  <u>/s/ Frederick P. Stamp, Jr.</u>
                                  FREDERICK P. STAMP, JR.
                                  UNITED STATES DISTRICT JUDGE